ASSOCIATION FOR THE PRESERVATION OF FREEDOM OF CHOICE, INC., et al., Plaintiffs, *v.* NEW YORK POST CORPORATION, Defendant.

Supreme Court, Special Term, New York County, May 3, 1962.

*M. Marvin Berger* for defendant.　*Alfred Avins* for plaintiffs.

SAMUEL M. GOLD, J.　Defendant moves pursuant to rule 107 of the Rules of Civil Practice for dismissal of the complaint of the plaintiff Association for the Preservation of Freedom of Choice, Inc., upon the ground that the plaintiff has not legal capacity to sue, not being a person or party libelled by the publication, or, in the alternative, for summary judgment pursuant to rule 113.　It is alleged that the claimed defamatory matter was published on May 14, 1959.　The action was commenced on May 3, 1960.　The publication referred to the plaintiff Swan and to an unincorporated association, the Association for the Preservation of Freedom of Choice.　It was succeeded by the plaintiff incorporated association which was organized in the District of Columbia in August, 1959.　Therefore the second cause of action is asserted on behalf of a District of Columbia incorporated association which was organized about three months after the publication and the cause asserted about one year after the publication.

The question presented is not the validity and the consequences of the alleged assumption by the District of Columbia incorporated association of the rights of the predecessor unincorporated association but rather the ownership of the claim or who may sue under the law of the forum which governs the question of the capacity to sue.　Label is not an assignable claim under the law of this State.　A single publication is involved, and the resident of another State cannot avail itself of such a claim by assignment where a resident may not do so.

To determine lack of capacity in the corporate plaintiff is not to deny its claim of right to recover upon the alleged libel provided it sues in the jurisdiction which confers capacity to sue.

The motion is granted, and the second cause of action asserted on behalf of the plaintiff corporation is dismissed.